**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 OCT 20  A 11: 43

---

Deborah glenn
_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Jewish FAmiLY Services
Middlesex CoanTY
_____

_____

*(Write the full name of each defendant who is being sued.  If
the names of all the defendants cannot fit in the space above,
please write "see attached" in the space and attach an
additional page with the full list of names.)*

See Attached

---

**Complaint for Employment
Discrimination**

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes   ☐ No
*(check one)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DEBORAH GLENN |
| Street Address | 28 Woodedge Avenue APt 5 |
| City and County | Edison   Middlesex |
| State and Zip Code | New Jersey   08817 |
| Telephone Number | (732) 439-1247 |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | June Stern |
| Job or Title (if known) | Outreach Coordinator of Senior Services |
| Street Address | 1600 Perrineville Rd., Suite 52 |
| City and County | Monroe Township, Middlesex |
| State and Zip Code | New Jersey   08831 |
| Telephone Number | 609-395-7979 |
| E-mail Address (if known) | JuneSe jfsmiddlesex.org |

Defendant No. 2

| | |
|---|---|
| Name | Mark Hauerstock |
| Job or Title (if known) | Controller |
| Street Address | 32 Ford Avenue |
| City and County | Milltown   Middlesex |

3

State and Zip Code   _New Jersey 08850_

Telephone Number   _(732) 777-1940 Ext. 1112_

E-mail Address   _MarkH@jfsMiddlesex.org_
(if known)

Defendant No. 3

Name   _Sara Levine_

Job or Title   _Executive Director_
(if known)

Street Address   _32 Ford Avenue_

City and County   _Milltown Middlesex_

State and Zip Code   _New Jersey 08850_

Telephone Number   _(732) 777-1940 X 1131_

E-mail Address   _sara @ jfs Middlesex.org_
(if known)

Defendant No. 4

Name   _Jewish Family Services_

Job or Title   _Organization_
(if known)

Street Address   _32 Ford Avenue_

City and County   _Milltown Middlesex_

State and Zip Code   _NJ 08850_

Telephone Number   _(732) 777-1940_

E-mail Address
(if known)

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

Name   _Jewish Family Services_

Street Address   _32 Ford Avenue_

City and County   _Milltown Middlesex_

State and Zip Code   _NJ 08850_

Telephone Number   _(732) 777-1940_

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  • *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
   42 USC 1983

☑    Relevant state law *(specify, if known)*:
   NJSAs 10:5-1 etseq; 10:6-1 etseq; 34: 19-3

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

5

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: Denial of Access to JFS Services

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

Sept. 16, 2015; Oct. 20, 2015; Nov 9, 10, 17, 2015; Mar. 7, 2016 May 19, 2016; June 2, 2016 thru Nov. 3, 2016;

C.  I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race distribution of racial documents in workplace
- [ ] color _____
- [x] gender/sex Sexual harassment from Supervisor
- [ ] religion _____
- [ ] national origin _____
- [x] age. My year of birth is 1952 . *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*

  by submission of documents from the S.S.A's Ticket To Work program to Mark Hauerstock

6

E.     The facts of my case are as follows.  Attach additional pages if needed.

_PLEASE SEE ADDITIONAL PAGES_
_ATTACHED):_
_Statement of CLAim_
_Statement of the Facts_
_Defendants Involved_

\* *(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_November 4, 2016_

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☒     issued a Notice of Right to Sue letter, which I received on *(date)*
_August 12, 2017   Mailed Aug 10, 2017_.

℮ *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒     60 days or more have elapsed.
☐     less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Due to the unlawful actions during Plaintiff's employment retaliatory termination and malicious Prosecution, Plaintiff has been unable to secure gainful employment. Plaintiff demands Judgment against "D" for compensatory damages, Pre and Post judgment interest, costs of suit, attorney fees and such other relief as the court deems equitable and Just. Additional discovery is needed to determine additional Punitive or exemplary damages due to Plaintiff.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _Oct. 19_, 20_17_.

Signature of Plaintiff _____

Printed Name of Plaintiff _____Deborah glenn_____

8

## III.   Statement of Claim

After months of being subjected to various forms of harassment and discrimination and unequal terms and conditions of her employment, plaintiff, Deborah glenn ("glenn") a black 63 (sixty-three) year old female with a physical and mental disability requested a meeting with the Executive Director.  While the Director was on vacation, plaintiff was retaliated against by termination and maliciously prosecuted after being accused of stealing the organization's car.

  (a)    Unequal Terms and Conditions of Plaintiff's Employment

  (b)    Race Discrimination

  (c)    Gender / Sex Discrimination

  (d)    Disability Discrimination

  (e)    Denial of Access to JFS' Services

  (f)    Retaliation

  (g)    Age Discrimination

  (h)    Defamation of Character

  (i)    Malicious Prosecution

  (j)    Defamation of Character

## E.    STATEMENT OF THE FACTS

Defendant Jewish Family Services ("JFS", "organization") formerly known as JFVS (Jewish Family and Vocational Services) is a non-profit organization which provides services to residents of Middlesex County New Jersey.   Plaintiff was a participant in the displaced homemakers program of the Women Support Group.  In July 2015, plaintiff was notified by Roni Salkin ("Salkin"), Women's Center Coordinator that the organization was seeking a temporary driver while the primary driver was on medical leave.

glenn, age 62, at the time, was hired as a temporary driver for $10.00 per hour, a start date of September 2, 2015 with ninety (90) days probation after which she would be entitled to benefits. All information was presented orally.  glenn was not told the clients

1

needed assistance getting in and out of the vehicle or that they had walkers or canes. At the interview, glenn received and signed for a copy of the

Revised September 2010 Personnel Practice Guidelines ("Guidelines"),
Sexual Abuse and Molestation Prevention Policy, The Approved March 2014 Code of
Ethics and Conduct ("Code") and the Whistleblower Policy; but never received
orientation.

glenn was given permission to take the organization's vehicle to and from her residence to commence and end her routes.

glenn addressed all the clients and participants as "Miss" or "Mr."

When the other driver returned from medical leave on November 17, 2015, the organization kept glenn on staff but her status did not change from temporary driver.

glenn was asked to perform duties outside of her job description as a driver.

After the 90 (ninety) probationary period ended, glenn, did not receive an employment status update or evaluation.

When glenn was transitioning her hair from relaxed to natural, there were comments made by staff.

glenn was excluded and never notified of monthly meetings or the interns' farewell party.

In March 2016, glenn stopped receiving notifications from the Women's Center.

glenn reported the harassments and discriminatory conduct, along with attempts to resolve the disputes until she was terminated.

A few weeks prior to glenn's termination, JFS hired two Black women; one for the office and the other for the Highland Park Cameo Program. On May 19, 2016, glenn was terminated without notice and without reasoning by the Senior Services Coordinator and the Controller.

On May 19, 2016 the Controller falsely reported to the Milltown police that glenn had stolen the organization's four-door 2001 beige Buick Century with one hub cap missing from the Milltown Library parking lot. glenn was maliciously prosecuted for six (6) months.

Plaintiff received her termination letter, from a third party, on July 26, 2017. There was no reason or explanation stated in the letter for the termination.

2

John *Last Name Unknown* ("John") Driver:

On September 16, 2015 John and the plaintiff exchanged vehicles. John parked the truck in a handicapped parking space. Even though landlord observed the entire exchange, the landlord reported to the Monroe Center that plaintiff had parked the truck in the handicapped parking. The Center reported plaintiff to the Controller as having parked the truck in the handicapped parking. Plaintiff reiterated that she did not park the truck in the handicapped space.

On October 20, 2015, John, while on medical leave interfered with the plaintiff's job duties by informing a client's daughter that he would notify plaintiff that the client would not be attending programming. When glenn arrived to pick up the client; the client was not available. glenn spent close to 40 (forty) minutes trying to locate the client. John did not contact glenn until close to 09:00 which is the start time for the programming. John interfered with glenn's job function and caused glenn to run late for the rest of her pick-ups.

November 10, 2015, while still on medical leave, John arrived at the Highland Park location and started an argument with glenn ordering her to go home. glenn refused.

November 17, 2015 while still on medical leave John arrives at the Highland Park location again, and ordered glenn to go home. Another argument ensued. The argument got so loud that both were ordered to go into the hallway. John left to speak with the Controller. Later plaintiff was instructed by the Highland Park Coordinator to meet with the Controller. glenn informed the Controller about John's harassment and poor attitude and asked the Controller to write John up. The Controller informed the plaintiff that John would be returning from medical leave on November 29, 2015 at which time glenn would receive more hours including the weekends. After glenn returned to the Highland Park location, John returned shortly after and ordered the clients into his vehicle.

Lisa Mason ("Mason") Office Manager / Grants Writer:

On November 17, after the meeting with the Controller, as glenn was leaving the building, Mason ordered glenn to take boxes of supplies back to the Highland Park location. glenn asked Mason, "John was just here, why didn't you have him take the supplies"? There were so many boxes and so heavy Mason asked a male clinician to assist glenn with taking the boxes to the car. While glenn was unloading the vehicle by herself, she tweaked her back and injured her finger.

In May 2016, while glenn was at the Milltown location, she asked Mason if she could speak with [the Executive Director]. glenn was informed that [the Executive Director] was not in the office. A message was left with Mason that she needed to speak with [the Executive Director].

3

Mason failed to comply with the PERSONNEL PRACTICE GUIDELINES *Section XI Problem Resolution Procedures*, The WHISTLE BLOWER POLICY and The CODE OF ETHICS.

## Courtney DeMaio ("DeMaio") Intern

Around September or October 2015, DeMaio who was seeking her Masters of Social Work ("MSW") degree was granted an internship at JFS. DeMaio had the capability of showing video from her laptop to the projector screen. DeMaio kept urging the participants to watch "Driving Miss Daisy". glenn consistently asked her to show "Spinning Into Butter" starring Sarah Jessica Parker who is a member of the Jewish Federation.

One day DeMaio brought in a questionnaire about different people committing various crimes of narcotics use or distribution. The object of the questionnaire was to figure out which offender and only one should not be charged. The majority of the names were ethnic and their crimes stereotypical. DeMaio deleted the ethnic names and presented the questionnaire again to glenn.

DeMaio brought in another multi-paged document with racial comments towards various ethnic groups. There were comments by Margaret Stanger purporting to control the births of African Americans.

During one of the mixed-group programming, DeMaio referred to glenn as a feminist.

Before the end of her internship, DeMaio gave glenn a 23 (twenty-three) page document titled: Pigtails, Ponytails, and Getting Tail: The Infantilization and Hyper-Sexualization of African American Females in Popular Culture. Excerpted from the document…"[T]he infantalization of black women can be read as symbolically lobotomizing them, stripping them of agency and autonomy. In short, images of infantilized black women clearly enforce dangerous and stereotypical notions of black *womanhood* yet these images also reflect and / or perpetuate the general societal neglect of and indifference towards black *girlhood*. Basically in white culture black women…are either the bad girls, the 'bitches,' the madwomen…seen as threatening and treated badly…Popular culture provides countless examples of black female appropriation and exploitation of 'negative stereotypes' to either assert control over the representation or at least reap benefits of it".

## Kylie Cleesattel ("Cleesattel") Intern

Cleesattel was seeking her Masters of Social Work ("MSW") degree and granted an internship at JFS. As glenn was reading the Margaret Stanger document (brought in by DeMaio), Cleesattel walked past and said, "I'm going to tell [the Outreach Coordinator]

4

about this racist propaganda Courtney brings in". Later [the Outreach Coordinator] approached glenn and said something to the effect, "I was told you were upset about a document Courtney gave you." glenn had not shown any emotion nor made any comments while reading the document and did not know how [the Outreach Coordinator] came to the conclusion that glenn was upset.

On or about March 7, 2016, glenn agreed to take a newly established route, scheduled to start March 11, of driving clients from Monroe to Highland Park. glenn was instructed by the Monroe Coordinator that she could leave the facility (because of encounters with John) after drop-off, go home and take a nap. Glenn went to the Milltown office instead to update the travel log. In the meantime, Cleesattel lied to [the Outreach Coordinator] that glenn had left the clients and was not coming back to pick them up.

In late April 2016, Cleesattel and glenn spoke about Cleesattel's pre-scheduled cruise and her next internship. When glenn asked Cleesattel what she was doing after the cruise, she responded, "I want to come back to JFS but I want to get paid for it."

## Judy Cavaliere ("Cavaliere") CAMEO Highland Park Coordinator

On October 20, glenn reported to Cavaliere that John (while on medical leave) had a conversation with a client's daughter about the client not attending programming due to a birthday celebration He told the daughter that he would contact glenn and inform her that the client did not need pick-up. John interfered with glenn's job function and caused glenn to run late for the rest of her pick-ups.

On Monday November 9, 2015, after glenn's Monroe route was finished and she was home, Cavaliere called glenn and ordered her to purchase food supplies for the next day Highland Park group. In the dark and the cold glenn traveled to Highland Park Stop & Shop to buy the groceries. On November 10 and 17, while John was on medical leave he appeared at the Highland Park location and started an argument with glenn; there was no intervention or de-escalation by Cavaliere.

On March 11, 2016 and every Friday thereafter, Cavaliere would greet glenn by putting her hands on glenn's shoulders and commence a kissing action.

## DEFENDANTS INVOLVED

### June Stern ("Stern") Outreach Coordinator of Senior Services

glenn sought several meetings with Stern about the racist material DeMaio was allowed to bring unto the property and the lack of effective communication. One day at Milltown, glenn approached Stern again about the incidents and Stern replied, "I thought the

5

problem was resolved." As glenn was talking to Stern, Stern stopped conversing with glenn, looked away from her and started speaking with Rose Cimaglia ("Cimaglia") about her maternity leave. glenn waited patiently for Stern to finish her conversation and then Stern walked away with Cimaglia.

On March 11, glenn was texted by Stern, that she needed glenn to come into the office to speak with her. When glenn arrived at the meeting, Stern accused glenn of leaving (abandoning) the clients. Glenn asked Stern who told her that and Stern replied, "Kylie." glenn asked Stern why she conferred with Kylie, when Kylie was not [glenn's] supervisor?

From May 13, 2016 through May 17, 2016, there was an exchange of emails between glenn and Stern, stating that she and [the Controller], "would like to meet…to review a few things." When glenn entered the meeting she was told, "We're letting you go."

Stern failed to comply with:

The PERSONNEL PRACTICE GUIDELINES

A. *Section IV Employment Procedure, Paragraph 4, 5and 6: Temporary Employment Status*

B. *Section VI New Employee Orientation*:

Where it states, [t]he employee and supervisor must complete an "orientation sign-off sheet"…

C. *Section VII Probationary Period*

D. *Section VIII Evaluations*

E. *Section X Termination of Employment, Paragraph 2A* and *3*

F. *Section XI Problem Resolution Procedures*

The WHISTLE BLOWER POLICY

The CODE OF ETHICS

### Mark Hauerstock ("Hauerstock") Controller

On September 16, 2015 glenn reported to Hauerstock that John had parked the car in handicapped space but the landlord blamed glenn. Hauerstock changed the topic.

6

On November 17, 2015 after John and glenn got into an argument, John went to speak with Hauerstock. Cavaliere suggested that glenn speak with Hauerstock as well. During the meeting glenn informed Hauerstock about John's harassment and poor attitude. Hauerstock stated that John returns from medical leave on November 29, at which time glenn would receive extra hours on the weekends. That never transpired.

In late December 2015 or January 2016, glenn submitted forms to Hauerstock from the Social Security Administration ("SSA") in relation to the "Ticket To Work" disability program. glenn never received a copy of the completed documents.

On May 19, 2016 glenn met with Stern and Hauerstock. Hauerstock informed glenn that they were "letting you go...remove your things from the car and return the car keys". After glenn removed her items, which were associated with her job function, she returned the car and parked it in the Milltown library parking lot. She attempted to leave the keys, but the organization was closed. Hauerstock falsified the police complaint and glenn was subjected to malicious prosecution for six (6) months.

Hauerstock failed to comply with:

>The PERSONNEL PRACTICE GUIDELINES

>A. *Section IV Employment Procedure, Paragraph 4, 5and 6: Temporary Employment Status*

>B. *Section V Job Descriptions and Analysis*

>C. *Section VI New Employee Orientation*

>D. *Section VII Probationary Period*

>E. *Section X Termination of Employment, Paragraph 2A* and *3*

>The WHISTLE BLOWER POLICY

>The CODE OF ETHICS

>**Sara Levine ("Levine") Executive Director**.

*Section X Termination of Employment, Paragraph 2A:* In all instances, the Executive Director must furnish the employee with notice of dismissal in writing stating the reason(s).

Levine failed to comply with:

>The PERSONNEL PRACTICE GUIDELINES

7

*Section X Termination of Employment, Paragraph 2A:* In all instances, the Executive Director must furnish the employee with notice of dismissal in writing stating the reason(s).

### Jewish Family Services

failed to comply with:

1.   *Section IV Employment Procedure, Paragraph 6: Temporary Employment Status*

A temporary employee is one who is hired with the understanding that the Employment is for a stated period or for a period that may be extended for an additional period by agreement in writing between the employee and JFS,

2.   *Section X Termination of Employment, Paragraph 3:*

Notification: JFS will notify an employee of any action to terminate employment through a Letter of Termination, which will include the following:

- The effective date of termination

- The reason(s) for termination

- A statement of any salary or accrued benefits to which the employee may be entitled.

I certify to the best of my knowledge, information, and belief that this complaint complies with the requirements of Rule 11

Printed Name:   Deborah glenn

Signature:   Deborah glenn

Date:   October 19, 2017

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2017-03900 |

| New Jersey Division On Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Deborah Glenn** | Home Phone *(Incl. Area Code)*<br>**(732) 439-1247** | Date of Birth<br>**1952** |
|---|---|---|

| Street Address                                   City, State and ZIP Code |
|---|
| **28 Woodedge Ave., Apt. 5, Edison,, NJ 08817** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**JEWISH FAMILY SERVICES** | No. Employees, Members<br>**15 - 100** | Phone No. *(Include Area Code)*<br>732-777-1940 |
|---|---|---|

| Street Address                                   City, State and ZIP Code |
|---|
| **32 Ford Avenue, Milltown, NJ 08850** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address                                   City, State and ZIP Code |
|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest             Latest |
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | **05-19-2016**        **05-19-2016** |
| ☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION | 09-16-2015        11-03-2016 |
| ☒ OTHER *(Specify)* Sexual harassment | CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above named employer on or about September 2, 2015. My most recent position title was that of Driver.

I was discharged on or about May 19, 2016 for false reasons. Prior to this, I was subjected to harassment, disparate terms and conditions of employment, as well as other acts of discrimination. I feel my race, sex, disability, age, and unlawful retaliation were factors in these actions.

Accordingly, I feel I have been discriminated against on the basis of race, sex, age, disability, and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, as amended, and the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| March 4, 2017<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Deborah Glenn**
   **28 Woodedge Ave., Apt. 5**
   **Edison,, NJ 08817**

From: **Newark Area Office**
    **283-299 Market Street**
    **Two Gateway Center, Suite 1703**
    **Newark, NJ 07102**

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Rayba Watson,** | |
| **846-2017-03900** | **Enforcement Supervisor** | **(973) 645-6021** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**John Waldinger,**
**Area Office Director**

AUG 0 9 2017
*(Date Mailed)*

Enclosures(s)

cc:   **Sara Levine**
    **Executive Director**
    **JEWISH FAMILY SERVICES**
    **32 Ford Avenue**
    **2nd fl**
    **Milltown, NJ 08850**